UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THANH VIET "JEREMY" CAO,<br><br>　　　　Defendant. | Civil No. 2:10-cv-1739<br><br>**ORDER OF EXPUNGEMENT AND PERMANENT INJUNCTION** |

For the reasons set forth in the United States' Motion for Default Judgment against Thanh Viet "Jeremy" Cao (Dkt. No. 8) and the Court's Order, dated January 5, 2012, granting the United States' Motion for Default Judgment (Dkt No. 9), the Court hereby finds as follows:

(1) Defendant Cao has failed to plead or otherwise defend this case. The Court deems him to have admitted the allegations in the United States' Complaint.

(2) Facts presented in the Declarations of (1) Christopher Brower, Special Agent at IRS Criminal Investigation; (2) Kenneth Bonano, Special Agent at IRS Criminal Investigation; (3) Anton Lovan, Special Agent at IRS Criminal Investigation; and (4) Juan Carlos Quirarte, Special Agent at IRS Criminal Investigation clearly show that Defendant Cao has filed false documents with the Secretary of State of Nevada and the Clark County, Nevada Recorder's Office purporting to impose liens on employees of the United States in order to harass and intimate them.

(3) Facts presented in the Declarations of (1) Christopher Brower, Special Agent at IRS Criminal Investigation; (2) Kenneth Bonano, Special Agent at IRS Criminal Investigation; (3) Anton Lovan, Special Agent at IRS Criminal Investigation; and (4) Juan Carlos Quirarte, Special Agent at IRS Criminal Investigation demonstrate that they, as officers of the United States, have no relationship with

Defendant Cao that would give rise to a legitimate notice of lien.  Therefore, the liens are frivolous.  Furthermore, it clearly appears that the liens were filed solely to retaliate against them for their good-faith efforts to enforce the tax laws.

(4)     Plaintiff has demonstrated that the entry of this injunction is necessary and appropriate to the enforcement of the internal revenue laws.  26 U.S.C. § 7402(a).

(5)     In addition, Plaintiff has demonstrated that continued filings of frivolous liens against its officers would cause it irreparable harm, because federal officers who face personal reprisal through encumbrances of their properties and damage to their credit records may be unable to enforce the internal revenue laws vigorously and evenhandedly.

(6)     Furthermore, Plaintiff has demonstrated that it has no adequate remedy at law with respect to future frivolous lien filings, because it would suffer the irreparable harm described above during the time in which it would be required to apply to a court to have the lien filings stricken.

(7)     The equities weigh in favor of Plaintiff because Defendant Cao has no basis for filing nonconsensual liens against federal officers.  Furthermore, an injunction is in the public interest because it will help ensure that federal officers can apply the internal revenue laws free of retaliation and harassment by Defendant Cao.

WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

(1)     It is hereby ORDERED that Defendant Cao, as well as any person acting on his behalf, shall be, and hereby are, PERMANENTLY ENJOINED from filing any notices of lien, recording any documents, or encumber the rights or the property of any federal officer.  The injunction in this paragraph shall not apply if Defendant Cao shall first have prior permission to record the document from a United States District Court, which permission shall also be recorded.

(2)     For the purposes of the preceding paragraph, "federal officer" shall mean any officer, employee, or agent of the United States or any of the agencies of the United States, or any judge, magistrate judge, judicial officer, or judicial employee of the United States, regardless of whether the officer, employee, or agent is named personally, in his or her official capacity, or in any other capacity.

(3)     Defendant Cao is cautioned and advised that any violation of this injunction imposed by this Judgment may result in the imposition of appropriate civil or criminal sanctions as well as constituting contempt of court.

(4)     It is hereby ORDERED that UCC Financing Statements (document number 2008038846-4, document number 2008039250-2 and document number 2009022837-9) are NULL, VOID, and of NO LEGAL EFFECT and shall be stricken and permanently EXPUNGED, along with any record of them, from the official records of the Secretary of State for the State of Nevada.

(5)     It is hereby ORDERED that the Affidavit of Obligation Commercial Lien (document number 2009106-0003758) is NULL, VOID, and of NO LEGAL EFFECT and shall be stricken and permanently EXPUNGED, along with any record of it, from the official records of the Secretary of State for the State of Nevada and/or the Clark County, Nevada Recorder's Office.

(6)     The United States may record this Judgment in the public records as necessary in order to effectuate paragraphs (1) through (5) of this Judgment.

**IT IS SO ORDERED** this 29th day of February, 2012.

_____
Gloria M. Navarro
United States District Judge

Presented on February 29, 2012 by:

JOHN A. DICICCO
Principal Deputy Assistant Attorney General,

/s/Andy R. Camacho
Andy R. Camacho
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
andy.r.camacho@usdoj.gov

- 3 -