UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil No. 2:10-cv-1739 |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED ORDER OF EXPUNGEMENT** |
| ) | **AND PERMANENT INJUNCTION** |
| THANH VIET "JEREMY" CAO, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

The United States Motion for Amended Order is GRANTED. This Order supercedes the order of expungement previously issued by the Court on February 29, 2012. For the reasons set forth in the Order (Dkt. No. 9) granting the United States' Motion for Default Judgment, the Court hereby finds as follows:

(1) Defendant Cao has failed to plead or otherwise defend this case. The Court deems him to have admitted the allegations in the United States' Complaint.

(2) Facts presented in the Declarations of (1) Christopher Brower; (2) Kenneth Bonano; (3) Anton Lovan; and (4) Juan Carlos Quirarte clearly show that Defendant Cao has filed false documents, purporting to impose liens against employees of the United States, with the Secretary of State for the State of Nevada and with the Clark County, Nevada Recorder's Office.

(3) Facts presented in the Declarations of (1) Christopher Brower; (2) Kenneth Bonano; (3) Anton Lovan; and (4) Juan Carlos Quirarte demonstrate that they, as officers of the United States, have no relationship with Defendant Cao that would give rise to a legitimate notice of lien. It therefore clearly appears that the liens are frivolous. Furthermore, it clearly appears that the liens were filed solely to retaliate against them for their good-faith efforts to enforce the tax laws.

(4) Plaintiff has demonstrated that the entry of this injunction is necessary and appropriate to

the enforcement of the internal revenue laws.  26 U.S.C. § 7402(a).

(5)	In addition, Plaintiff has demonstrated that continued filings of frivolous liens against its officers would cause it irreparable harm, because federal officers who face personal reprisal through encumbrances of their properties and damage to their credit records may be unable to enforce the internal revenue laws vigorously and evenhandedly.

(6)	Furthermore, Plaintiff has demonstrated that it has no adequate remedy at law with respect to future frivolous lien filings, because it would suffer the irreparable harm described above during the time in which it would be required to apply to a court to have the lien filings stricken.

(7)	The equities weigh in favor of Plaintiff because Defendant Cao has no basis for filing nonconsensual liens against federal officers.  Furthermore, an injunction is in the public interest because it will help ensure that federal officers can apply the internal revenue laws free of retaliation and harassment by Defendant Cao.

WHEREFORE, it is hereby ORDERED that the following documents are NULL and VOID:

(1) UCC Financing Statement, Filing Number 2008039250-2, including any attachments thereto, filed by Thanh Viet Jeremy Cao in the Nevada Secretary of State's Office;

(2) UCC Financing Statement, Filing Number 2008002057-9, including Financing Statement Amendments, Filing Numbers 2008038846-4 and 2009022837-9 as well as any other amendments and attachments thereto, filed by Thanh Viet Jeremy Cao in the Nevada Secretary of State's Office;

(3) The Affidavit of Obligation Commercial Lien, recorded by the Clark County Recorder as Book/Instr: 2009106-0003758, filed by Thanh Viet Jeremy Cao;

(4) The Secretary of State of the State of Nevada, the County Recorder for Clark County, Nevada, and the appropriate officials of any other state or county where said documents may have been filed or recorded, or are recorded in the future, shall take such actions as are necessary to expunge, void, or otherwise remove said documents from their public files.

(5) The United States may record this Order in the public records as necessary in order to effectuate paragraphs (1) through (4) of this Order.

IT IS FURTHER ORDERED

(6) That Defendant Cao, as well as any person acting on his behalf, shall be, and hereby are, PERMANENTLY ENJOINED from filing any notices of lien, recording any documents, or encumber the rights or the property of any federal officer. The injunction in this paragraph shall not apply if Defendant Cao shall first have prior permission to record the document from a United States District Court, which permission shall also be recorded.

(7) For the purposes of the preceding paragraph, "federal officer" shall mean any officer, employee, or agent of the United States or any of the agencies of the United States, or any judge, magistrate judge, judicial officer, or judicial employee of the United States, regardless of whether the officer, employee, or agent is named personally, in his or her official capacity, or in any other capacity.

(8) Defendant Cao is cautioned and advised that any violation of this injunction imposed by this Order may result in the imposition of appropriate civil or criminal sanctions as well as constituting contempt of court.

IT IS SO ORDERED.

DATED: September 14, 2012

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

Presented on June 14, 2012 by:

KATHRYN KENEALLY
Assistant Attorney General

ANDY R. CAMACHO
Trial Attorney, Tax Division
U.S. Department of Justice
Attorneys for the United States of America

DANIEL G. BOGDEN
United States Attorney

*Of Counsel*